Springfield Township Commissioners, Appellant,
*v.* Pennsylvania Public Utility Commission.

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*William C. Cahall, III*, with him *Davis, Cirillo & Cahall*, for township, appellant.

*Anthony L. Marino*, Assistant Counsel, with him *Joseph C. Bruno*, Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Daniel L. Quinlan, Jr.,* with him *Van Weiss,* and *Quinlan, Torak & DeYoung,* for property owners, intervening appellees.

OPINION BY WRIGHT, J., July 12, 1965:

This appeal arises out of a claim by owners of property in Oreland, Springfield Township, Montgomery County, for damages resulting from the reconstruction of a highway bridge crossing a railroad. The reconstruction was ordered by the Pennsylvania Public Utility Commission on February 6, 1961, and Springfield Township was directed to pay all compensation for damages due to property owners, exclusive of Reading Company, North Pennsylvania Company, and Plymouth Railroad Company. The primary issue involved is whether the property owners are entitled to consequential damages for a change in grade where there has been no physical appropriation. See Section 612 of the Eminent Domain Code approved June 22, 1964, P. L. 84, 26 P.S. 1-612.

On March 8, 1965, after hearing, the Commission filed an order holding that the property owners did suffer compensable damages, and directing that the issue of the amount thereof be submitted to the Court of Common Pleas of Montgomery County under Section 411 of the Public Utility Law.[1] The Township then appealed to the Superior Court. The Commission filed a motion to quash the appeal, joined in by the property owners, intervening appellees, on the grounds (1) that the appeal was filed untimely, (2) that the appellant had not complied with our rules relating to briefs and records, and (3) that, under Section 1101 of the statute (66 P.S. 1431), the Superior Court did not have jurisdiction. We are all of the opinion that the appeal must be quashed because the order appealed

---

[1] Act of May 28, 1937, P. L. 1053, Section 411, 66 P.S. 1181.

from was interlocutory, but we do not want appellant to be deprived of its right to raise the legal question involved. We therefore enter the following order:

This appeal is quashed without prejudice to the right of appellant to raise, in the court of common pleas, the issue as to whether there was any compensable damage.